UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| SHEILA BOYLL, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> LEFT LEAD LIQUORS, LLC d/b/a ROLLERS SPIRITS, ROLLERS PARTY SHOP, ROLLERS, ROLLERS DISCOUNT BEVERAGE, & WINE & CHEESE IF YOU PLEASE; JOHN KELSEY, individually; and CAMILLE COPELAND, individually <br><br> Defendants. | C/A: 9:22-cv-04520-BHH <br><br> **COMPLAINT** <br><br> **FLSA COLLECTIVE ACTION** <br><br> **RULE 23 CLASS ACTION** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff, Sheila Boyll ("Boyll"), on behalf of herself and all others similarly situated, ("Plaintiff"), complaining of the acts of Defendants, Left Lead Liquors, LLC d/b/a Rollers Spirits, Rollers Party Shop, Rollers, Rollers Discount Beverage, & Wine & Cheese If You Please ("LLL"); John Kelsey ("Kelsey"), individually; and Camille Copeland ("Copeland"), individually (LLL, Kelsey and Copeland, jointly, "Defendants") alleges as follows:

## NATURE OF CLAIM

1.   This action is brought individually and as a collective action for actual damages, liquidated damages, attorneys' fees and costs, and for other relief under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("FLSA"). The collective action provisions under the FLSA, § 216(b), provide for opt-in class participation.

2.   This action is also brought individually and as a class action for payment of wages

Complaint
C/A: _____

and for other relief under the South Carolina Payment of Wages Act, South Carolina Code Ann. § 41-10-10, et. seq. ("SCPWA").  These claims are proposed as opt-out class claims under Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES, JURISDICTION, and VENUE

3. Plaintiff realleges each and every allegation contained in the above paragraphs as if repeated here verbatim.

4. Boyll is a citizen and resident of Beaufort County, South Carolina.

5. Defendants, Kelsey and Copeland, upon information and belief, are citizens and residents of Beaufort County, South Carolina.

6. Defendant, LLL, is a South Carolina limited liability company maintaining offices and agents in Beaufort, South Carolina.

7. Defendants are employers of individuals.

8. Defendants operate three (3) retail liquor stores in Beaufort County, South Carolina, doing business as Rollers Spirits, Rollers, and Rollers Discount Beverages.

9. Defendants operate one (1) on-premises beer and wine entity in Beaufort County, South Carolina, doing business as Wine & Cheese If You Please.

10. Defendants operate one (1) off-premises beer and wine entity in Beaufort County, South Carolina, doing business as Rollers Party Shop.

11. Upon information and belief, Kelsey is an owner and/or member of LLL, or otherwise is an individual who had the authority to establish the specific policies of wages of Plaintiff while employed at LLL.

12. Upon information and belief, Copeland is the General Manager of LLL, or otherwise is an individual who had the authority to establish the specific policies of wages of

Complaint
C/A: _____

Plaintiff while employed at LLL.

    13.    Boyll was employed by Defendants within the past three (3) years. A substantial part of the events giving rise to these claims occurred in Beaufort County, South Carolina.

    14.    This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 based upon Plaintiff's claims under the FLSA.

    15.    Plaintiff brings this action, as an opt-in Collective Action pursuant to 29 U.S.C. § 216(b), on behalf of a class of individuals defined as follows: nonexempt employees of Defendants at any time within the three (3) years prior to joining this lawsuit.

    16.    Plaintiff also brings this action as an opt-out class action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of a class of individuals defined as follows: nonexempt employees of Defendants at any time within the three (3) years prior to the filing of this lawsuit.

    17.    Upon information and belief, this action satisfies the requirements of Fed. R. Civ. P. 23(a), as alleged in the following particulars:

    a.    The proposed Plaintiff class is so numerous that joinder of all individual members in this action is impracticable;

    b.    There are questions of law and/or fact common to the members of the proposed Plaintiff class;

    c.    The claims of Plaintiff are typical of the claims of the proposed Plaintiff class; and

    d.    Plaintiff will fairly and adequately protect the interests of the class.

    18.    In addition, upon information and belief, this action satisfies one or more of the requirements of Fed. R. Civ. P. 23(b), because the questions of law and/or fact common to the

Complaint
C/A: _____

members of the proposed Plaintiff class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Venue in this District and in this Division is appropriate pursuant to 28 U.S.C. 1391(b)(2) and 1391(c), as a substantial part of the events giving rise to the claims herein occurred in this Division, the Defendants have extensive and deliberate contacts in this Division, and the individual Defendant is a resident of this Division.

20. Based upon the above, jurisdiction and venue are proper in this court and division.

21. The work and pay records of Plaintiff are in the possession, custody, and/or control of Defendants, and Defendants are under a duty, pursuant to section 11(c) of the FLSA, 29 U.S.C. § 211(c), and the regulations of the United States Department of Labor, to maintain and preserve such payroll and other employment records from which the amount of Defendants' liability can be ascertained. Plaintiff requests an order of this Court requiring Defendants to preserve such records during the pendency of this action.

## **FACTS**

22. Plaintiff realleges each and every allegation contained in the above paragraphs as if repeated here verbatim.

23. Defendants own and / or operate LLL.

24. Defendant, Kelsey, exercises operational control over LLL. On information and belief, Kelsey is involved in the decisions to set the wages and pay for Plaintiff, or he hired the individuals to whom he delegated this authority; therefore, Kelsey is individually liable to Plaintiff.

25. Defendant, Copeland, exercises operational control over LLL. On information and belief, Copeland is involved in the decisions to set the wages and pay for Plaintiff, or she hired the

Complaint
C/A: _____

individuals to whom she delegated this authority; therefore, Copeland is individually liable to Plaintiff.

26. Boyll was employed by LLC from approximately June 2020 through March of 2022 in various capacities.

27. Defendants paid Boyll, and on information and belief all Plaintiffs, an hourly wage.

28. At all times relevant to this Complaint, Defendants engaged in interstate commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203(r) and 203(s).

29. At all times relevant to this Complaint, Defendants' annual gross volume of sales made or business done was not less than Five Hundred Thousand and 00/100 dollars ($500,000.00). Alternatively, Plaintiff worked in interstate commerce so as to fall within the protection of the FLSA.

30. The business of Defendants was and is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(1) and, as such, Defendants are subject to, and covered by, the FLSA.

**FOR A FIRST CAUSE OF ACTION**
**Violation of Fair Labor Standards Act**
**29 U.S.C. § 207**
**(Failure to Pay Proper Overtime Wage)**

31. Plaintiff realleges each and every allegation contained in the above paragraphs as if repeated here verbatim.

32. Defendants failed to pay Plaintiff, and all other similarly situated employees, the proper amount (1.5 times the hourly rate) for all hours worked over forty (40) hours in a workweek or overtime hours worked.

33. Defendants have violated the FLSA, 29 U.S.C. § 207, by either a willful violation of the FLSA or in reckless disregard of the FLSA and the rights of Plaintiff.

Complaint
C/A: _____

34. As such, Plaintiffs seek to recover from Defendants the following damages:

    a. actual damages for a three-year period;

    b. liquidated damages of an equal amount;

    c. reasonable attorney's fees and costs and disbursements of this action; and

    d. an order from this Court requiring Defendants to comply with the FLSA.

**FOR A SECOND CAUSE OF ACTION**
**Violation of Fair Labor Standards Act**
**29 U.S.C. § 203(m), 206**
**(Violation of Tip Pool)**

35. Plaintiff realleges each and every allegation contained in the above paragraphs as if repeated here verbatim.

36. The FLSA, 29 U.S.C. § 203(m)(2)(B), expressly prohibits the employer, in this case the Defendants, from retaining any portion of tips received by employees, regardless of whether or not employer is claiming the Tip Credit.

37. Customers at LLL were allowed to leave tips in cash, in Tip Jars, or via credit card.

38. LLL distributed these tips in a haphazard method and often distributed tips to managers and supervisors, which violates the FLSA.

39. Defendants have violated the FLSA, 29 U.S.C. § 203(m), by either a willful violation of the FLSA or in reckless disregard of the FLSA and the rights of Plaintiffs.

40. As such, Plaintiffs seek to recover from Defendants the following damages:

    a. actual damages for a three-year period;

    b. liquidated damages of an equal amount;

    c. reasonable attorney's fees and costs and disbursements of this action; and

    d. an order from this Court requiring Defendants to comply with the FLSA.

Complaint
C/A: _____

# FOR A THIRD CAUSE OF ACTION
## (South Carolina Payment of Wages Act)
### (Individual and Class Action)

41.     Plaintiffs, on behalf of themselves and all similarly situated employees, reallege and incorporate by reference all preceding paragraphs as if they were set forth herein verbatim.

42.     Each Defendant is an "employer" as defined by the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10(1).

43.     Defendants employed Plaintiff and the members of the Plaintiffs' class within the State of South Carolina.

44.     Plaintiff worked for Defendants with the clear understanding and agreement with Defendants that their compensation would be consistent with all applicable laws, including state wage laws.

45.     Plaintiff had an employment agreement with Defendants whereby they would be paid wages for all hours worked.

46.     SCPWA § 41-10-10(2) defines wages as "all amounts at which labor rendered is recompensed, whether the amount is fixed or ascertained on a time, task, piece, or commission basis, or other method of calculating the amount and includes vacation, holiday, and sick leave payments which are due to an employee under any employer policy or employment contract."

47.     Money received by Plaintiff as tips were "wages" as defined by SCPWA, § 41-10-10(2).

48.     Pursuant to the SCPWA § 41-10-40(C), "[a]n employer shall not withhold or divert any portion of the employee's wages unless the employer is required or permitted to do so by state or federal law or written authorization.

Complaint
C/A: _____

49.  Defendants deducted amounts from the wages of Plaintiff that were not permitted by state or federal law and without written authorization.  Defendants redistributed a portion of these wages to other employees who were not employees who "customarily and regularly" received tips or kept portions for Defendants.  These amounts were illegal deductions.

50.  Defendants owe Plaintiff these wages that were illegally deducted.

51.  Defendants' actions were willful, and Defendants have no bona fide reason why they took this action.

52.  Pursuant to S.C. Code § 41-10-80(C), Plaintiff and the members of the Plaintiffs' class are entitled to recover in this action an amount equal to three times the full amount of their deducted wages, as outlined above, plus costs and reasonable attorney's fees.

WHEREFORE, having fully set forth their allegations against Defendants, Plaintiff respectfully requests that the Court enter judgment for the following relief:

a.  An order authorizing the sending of appropriate notice to current and former employees of Defendants who are putative members of the collective action, but have yet "opted-in," under the FLSA;

b.  An order prohibiting Defendants from violating the FLSA;

c.  For Plaintiff, under the first and second causes of actions:

  i.  actual damages in an amount to be determined;

  ii.  liquidated damages of an equal amount;

d.  For Plaintiff, under the third cause of actions:

  i.  actual damages in an amount wages due under SCPWA;

  ii.  Treble damages pursuant to SCPWA;

e.  Injunctive relief ordering Defendants to amend their wage and hour policies

Complaint
C/A: _____

    to comply with applicable federal and state laws; and

        f.      Such further relief as the Court deems just and proper.

**PLAINTIFF REQUESTS A TRIAL BY JURY.**


                                      s/Bruce E. Miller
                                      Bruce E. Miller, Esq. (Fed Bar No. 3393)
                                      BRUCE E. MILLER, P.A.
                                      147 Wappoo Creek Drive, Suite 603
                                      Charleston, SC  29412
                                      T: 843.579.7373
                                      F: 843.614.6417
                                      bmiller@brucemillerlaw.com

                                      **ATTORNEY FOR PLAINTIFF**

CHARLESTON, SC
December 15, 2022