# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | | |
|---|---|---|
| SHEILA BOYLL, on behalf of herself and all others similarly situated, | ) ) ) | C/A: 9:22-cv-04520-BHH |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | |
| LEFT LEAD LIQUORS, LLC d/b/a ROLLERS SPIRITS, ROLLERS PARTY SHOP, ROLLERS, ROLLERS DISCOUNT BEVERAGE, & WINE, & CHEESE IF YOU PLEASE; JOHN KELSEY, individually, CAMILLE COPELAND, individually, | ) ) ) ) ) ) ) ) ) | **ORDER APPROVING FAIR LABOR STANDARDS ACT SETTLEMENT AND DISMISSING ACTION WITH PREJUDICE** |
| Defendants. | | |

## INTRODUCTION

This matter comes before the Court by way of a Joint Motion (ECF 32) to approve the settlement of the above civil action commenced by Sheila Boyll and Jordan Penna (collectively referred to as "Plaintiffs") against Left Lead Liquors, LLC d/b/a Rollers Spirits, Rollers Party Shop, Rollers, Rollers Discount Beverage, & Wine & Cheese If You Please ("LLL"); John Kelsey ("Kelsey"), individually; and Camille Copeland ("Copeland"), individually (LLL, Kelsey, and Copeland jointly referred to as "Defendants"). Plaintiffs and Defendants are collectively referred to as "the parties" in this Order. In support of the motion, the parties submitted their settlement agreement (ECF 32-2) and a declaration by Plaintiffs' Counsel (ECF 32-1) supporting his request for approval of attorney's fees and costs to be paid by Defendant LLL.

## PROCEDURAL HISTORY

In the First Amended Complaint, Plaintiffs alleged that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.,* by failing to pay the proper overtime rate for all hours worked over 40 in the workweek. On February 21, 2023, the Court granted the parties' consent motion to conditionally certify the collective action. (ECF 20, 21.) Notice was sent to the potential collective members, and following the expiration of the joinder period, the parties negotiated a settlement for the named Plaintiff and an additional Plaintiff who consented to join the action. On July 11, 2023, the Court granted the parties' joint motion to stay pending approval of the settlement. (ECF 28, 30.) The parties submitted the joint motion to approve the settlement on July 18, 2023. (ECF 32.)

## ANALYSIS

The Parties have agreed upon a monetary settlement to resolve Plaintiffs' claims against Defendants. "Because the FLSA was enacted to protect workers from sub-standard wages and oppressive working conditions, employees cannot waive claims under the FSLA unless the settlement is either overseen by the United States Department of Labor or approved by a court for fairness and reasonableness in order to be effective." *Schlamp v. American Home Patient, Inc.*, 2019 WL 13270363 (D.S.C. Apr. 4, 2019) (citing, *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982).

Here, Defendants have agreed that Defendant LLL, Plaintiffs' former employer, will pay the full relief Plaintiffs could recover if they were to prevail at trial. Specifically, Plaintiffs will receive back pay for the overtime premium not previously paid for hours worked over 40, going back three years from the date of joinder, and they will receive an equal amount as liquidated damages. *See* 29 U.S.C. § 216(b) ("Any employer who violates the provisions of section 206 or

207 of this title shall be liable to the employee or employees affected in the amount of their … unpaid overtime compensation, …, and in an additional amount as liquidated damages."); 29 U.S.C. § 255 (three-year maximum statute of limitations). Defendants also have agreed that Defendant LLL will pay Plaintiffs' attorney's fees and costs in addition to the back wages and liquidated damages. *See* 29 U.S.C. § 216(b) (allowing a reasonable attorney's fee and costs of the action to prevailing plaintiffs).

Because Plaintiffs are receiving the full relief they could obtain at trial, Defendants have agreed to pay attorney's fees and costs, and because the named Plaintiff and joinder Plaintiff have both agreed to the terms of the settlement, no lengthy discussion of the fairness and reasonableness of the settlement is required. After review, therefore, the Court finds that the settlement accomplishes and comports with the remedial purposes of the FLSA and that it is fair, reasonable, and should be approved.

## ORDER

Accordingly, **IT IS ORDERED** that the parties' joint motion to approve the settlement (ECF 32) is **GRANTED**, and the parties' settlement agreement, a copy of which is attached to the parties' joint motion (ECF 32-2) is approved. **IT IS FURTHER ORDERED** that this action, having been settled, is dismissed with prejudice.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

August 14, 2023
Charleston, South Carolina